
## JUDD vs. DENNISON.

A vendee who, on the purchase of several articles of merchandize, *warranted* as of a particular quality, gives three promissory notes in payment and pays two of them, may, in an action by the *vendor* for the recovery of the third note, give evidence of a *breach of warranty* in respect to one of the articles of property sold, either in bar or in mitigation of the amount of recovery.

The fact that the portion of the articles sold which were conformable to the warranty formed a part of the consideration of each note, does not preclude this defence.

THIS was an action of *assumpsit*, tried at the New-York circuit in October, 1831, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The action was on a promissory note for $407. The plaintiff had sold to the defendant 50 barrels of refined whale oil, 25 barrels of summer oil, and three boxes of sperm candles, amounting, together, to the sum of $1221,95, for which he took three promissory notes of the defendant, of $407 each. Two of the notes were paid when due ; the third, the note in question, not being paid, the plaintiff commenced this suit for its recovery. On the trial, the defendant admitted the execution of the note, and, under a *notice* attached to his plea, offered to prove that the *oil* was sold to him by the plaintiff with *warranty,* and to show a breach of the warranty as as it regarded the *refined whale oil.* The plaintiff objected to the evidence as inadmissible, unless a *total failure* of consideration of the three notes given by the defendant was shewn ; that the evidence offered being only of a *partial failure* of consideration, ought not to be received ; and that the defendant should be driven to his action on the warranty, or for deceit. The objection was overruled, and the jury, after hearing the testimony of the parties, found a verdict for the *defendant.* The plaintiff moved for a new trial, alleging the decision of the judge to be erroneous, and that the verdict was not warranted by the evidence.

*J. Greenwood*, for the plaintiff.

*I. L. Wendell*, for the defendant.

*By the Court*, NELSON, J.   It was correctly ruled by the judge, that the defendant had a right to set up a breach of the warranty, made upon the sale of the articles for which the note in question was given in part consideration, either in bar, or to mitigate the amount of the recovery, as the facts might authorize in the opinion of the jury. *M'Allister* v. *Reab*, 4 *Wendell*, 489, *confirmed in error*, 8 *Wendell*, 109.

There is no foundation for the distinction urged on the argument by the counsel for the plaintiff, that as part of the oil sold and the whole of the candles were of a quality agreeing with the warranty, a proportional amount of the consideration of the note in question was good, and that for such amount, at least, the plaintiff should have had a verdict.   Had the suit been brought on the three notes given for the entire articles sold, such would have been the rule in ascertaining the amount which the plaintiff would have been entitled to recover ; but the idea that the consideration or price of each separate article of property sold is rateably contained in each note, where several are given, as in this case, and that therefore the plaintiff is entitled to recover on each note the proportional price of the articles which proved good, is too fanciful for practical use, or to be recognized in legal proceedings.   The only question in the case belonged to the jury, and their verdict is conclusive.

New trial denied.